Filed 4/2/26  P. v. Sandoval CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B344625 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA099654) |
| v. | |
| ALEX JAVIER SANDOVAL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Susan Sullivan Pithey, Assistant Attorneys General, Jason Tran and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2014, Alex Sandoval (appellant) pleaded no contest to attempted murder and assault with a firearm. He now appeals from an order denying his resentencing petition under Penal Code[1] section 1172.6 after an evidentiary hearing. We affirm.

## BACKGROUND

On September 29, 2012, four young women were in a Lexus driving down a two-lane street in Pomona, California. Each had some connection to the Cherryville gang. They stopped at a stop sign. A white truck pulled up next to the driver's side of the Lexus, facing the wrong direction in the street to do so, and the man in the passenger seat pointed a gun at the driver, yelling, "You're going to die today, bitch." He then shot several times into the car. The woman stepped on the gas and turned right down another street. Someone in the truck continued to shoot at the Lexus. A bullet struck one of the women in the back, rendering her a paraplegic. Another passenger's leg was struck by a bullet, requiring staples.

Appellant, a member of the DCK gang—a rival of Cherryville—drove the white truck at the time of the shooting. Appellant's codefendant, Jarad Nava, was the passenger who shot at the Lexus. He was also a DCK member. At least two other shootings had occurred earlier that day involving DCK and Cherryville gang members. One of the Cherryville gang members involved in an earlier shooting was the boyfriend of the Lexus driver.

On February 28, 2013, appellant was charged by information with four counts of attempted murder (§§ 664/187, subd. (a)) and one count of shooting at an occupied vehicle (§ 246),

---

[1] Undesignated statutory references are to the Penal Code.

2

with gang and firearm enhancements.  (§§ 12022.53, subds. (b)–(e)(1), 186.22, subd. (b)(4).)

On January 30, 2014, appellant pleaded no contest to one count each of attempted murder (§ 664/187, subd. (a)) and assault with a firearm (§ 245, subd. (a)(2)) and admitted to the principal-armed and gang allegations.  He was sentenced to 30 years in state prison.[2]

On April 25, 2022, appellant filed a petition for resentencing under section 1172.6.  The People filed an opposition but then stipulated that appellant had made a prima facie showing.  After an evidentiary hearing, the trial court denied appellant's petition, finding that appellant was a direct aider and abettor in the attempted murder who acted with express malice.

## DISCUSSION

### 1.  Legal background

The Legislature enacted Senate Bill No. 1437 in 2018, abolishing the natural and probable consequences doctrine in cases of murder and limiting the application of the felony-murder doctrine.  (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  The legislation bars murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the

---

[2] We granted appellant's request for judicial notice of a nunc pro tunc minute order dated May 21, 2025, but note that it does not include the information he says it does (that appellant was resentenced to 17 years).

3

intent to kill or was a major participant who acted with reckless indifference to human life.  (§§ 188, subd. (a)(3) & 189, subd. (e).) Specifically, the Legislature amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)

Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

Section 1172.6 contains the procedure for vacating the murder convictions of defendants who could no longer be convicted because of the amendments to sections 188 and 189. (*Lewis*, *supra*, 11 Cal.5th at pp. 957, 959, 971.)  After appointment of counsel (if requested), the trial court must conduct a prima facie analysis with briefing to determine the defendant's eligibility for relief, and, if the requisite showing is made, issue an order to show cause and hold an evidentiary hearing.  (§ 1172.6, subd. (c); *Lewis*, at p. 971.)  At the evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)  The trial court "acts as an independent fact finder in determining whether the People have met their burden."  (*People v. Vargas* (2022) 84 Cal.App.5th 943, 951 (*Vargas*).)

4

We review the trial court's findings for substantial evidence.  (*Vargas*, *supra*, 84 Cal.App.5th at p. 951.)  "Under this familiar standard, ' "we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]  We determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  [Citation.]  In doing so, a reviewing court "presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' " (*Ibid*.)

2.  **Substantial evidence supports the trial court's finding that appellant is guilty of attempted murder under a still valid theory**

Direct aiding and abetting remains a valid theory of attempted murder.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)  " '[U]nder direct aiding and abetting principles, an accomplice is guilty of an offense perpetrated by another [e.g., murder] if the accomplice aids the commission of that offense with "knowledge of the direct perpetrator's unlawful intent and [with] an intent to assist in achieving those unlawful ends." ' " (*People v. Curiel* (2023) 15 Cal.5th 433, 463.)

Substantial evidence supports the court's finding that appellant acted with the intent to kill.  The testimony at the preliminary hearing showed that appellant maneuvered the truck he was driving to allow Nava to face and point a gun at the Lexus driver, at which point Nava told her that she was going to die and then fired several shots at her car as it sped off.  Even

after Nava explicitly threatened to kill the Lexus driver and then shot at the vehicle, rather than driving away, appellant kept the truck within view of the Lexus in a way that allowed Nava to continue shooting. This provides further support for the finding that he shared in Nava's plan to kill one or more of the car's occupants. Appellant and Nava were both members of DCK, and this shooting occurred on the same evening as two other shootings involving the Cherryville gang, DCK's rival. The woman driving the Lexus was the girlfriend of a Cherryville member who had been involved in a shooting earlier that day, and each passenger in the Lexus had some connection with Cherryville. (Cf. *People v. Woods* (1991) 226 Cal.App.3d 1037, 1049 [evidence of gang membership and gang retaliation practices properly considered to prove motive for and specific intent to kill].) These circumstances provide an ample basis to conclude that appellant shared the intent to kill and facilitated the killing. (See *People v. Sanchez* (2016) 63 Cal.4th 411, 457 [direct evidence of intent rarely exists but may be inferred from circumstances of the crime and the defendant's acts].)

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



RICHARDSON, J.